PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| VINCENT BARBER, | ) |
| Plaintiff, | ) CASE NO. 4:23-CV-931 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| MAHONING COUNTY JUSTICE CENTER, *et al.*, | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) [Resolving ECF Nos. 22, 29] |
| | ) |

Pending before the Court are Defendants' Motion for judgment on the pleadings (ECF No. 22) and Motion to strike Plaintiff's Second Amended Complaint (ECF No. 29). Plaintiff has objected to the motion to strike (ECF No. 30), and asked the Court to note his objection to the motion for judgment on the pleadings (ECF No. 28). Having considered the parties' filings, relevant case law, and been advised, the Court grants both motions.[1]

### I. Background

*Pro se* Plaintiff Vincent Barber, an inmate previously incarcerated at the Mahoning County Justice Center ("MCJC"),[2] filed an Amended Complaint against Mahoning County; MCJC; the Mahoning County Sheriff, Jerry Greene; Mahoning County Commissioners (D.

---

[1] At ECF No. 28, Plaintiff appears to request more time to respond to Defendants' motion for judgment on the pleadings. His objection to the motion to strike was filed subsequently. As indicated herein, more time will not cure the frailties of Plaintiff's action.

[2] Plaintiff has been sentenced and is now being housed at FCI Loretto with an October 2030 expected release date. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited April 4, 2024).

(4:23-CV-931)

Ditzler, A. Traffitanti, and C. Rimedio); Sgt. McCullough, Sgt. Graham, and Sgt. Wallace.[3] ECF No. 11.[4]

Plaintiff alleges poor conditions at MCJC. Plaintiff alleges staff shortages, and that he has been denied the use of a law library and access to the courts. ECF No. 11 at PageID #: 88–89. He claims that the meals lack fish and fruit. ECF No. 11 at PageID #: 91. He also states that inspections of MCJC are done fraudulently. ECF No. 11 at PageID #: 92–93. He asserts that his legal mail is opened. ECF No. 11 at PageID #: 94. He alleges the indoor temperature is kept at 47 degrees year-round, violating Ohio Admin. Code 5120:1-8-4(D). ECF No. 11 at PageID #: 95. Plaintiff also alleges that MCJC engages in behavior previously addressed in *Roberts et al. v. County of Mahoning, Ohio, A Local Government Entity et al.* (Dowd, J.).[5] ECF No. 11 at PageID #: 91.

---

[3] Plaintiff's original Complaint named the same Defendants but did not identify Jerry Greene as Sheriff or the individual County Commissioners. ECF No. 1-1 at PageID #: 12–13. Plaintiff's Second Amended Complaint named only MCJC, Sgt. Graham, Sgt. McCullough, and Sheriff Jerry Greene as Defendants. ECF No. 25 at PageID #: 179–80.

[4] Plaintiff's Amended Complaint supersedes his original Complaint. *See Kellom v. Quinn*, 86 F.4th 288, 292 (6th Cir. 2023) ("An amended complaint 'supersedes an earlier complaint for all purposes.") (citing *Calhon v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014). For the reasons below, Plaintiff's Second Amended Complaint does not supersede his first Amended Complaint.

[5] This reference appears to be to a Consent Judgment Entry filed in *Roberts et al. v. County of Mahoning, Ohio, A Local Government Entity et al*, Case No. 4:03-cv-2329 (N.D. Ohio, filed Nov. 14, 2003) (Dowd, J.), a civil rights action filed by eight detainees located in Mahoning County Jail. On May 17, 2007, a three-judge panel entered a Consent Judgment Entry "with a stipulated population order and retained jurisdiction over the Consent Entry for three years." *Id.* at ECF No. 292 at PageID#: 4659 (referencing ECF No. 266) (Batchelder, Dowd, Polster). The Panel's jurisdiction expired on May 17, 2010 by the terms of the Consent Entry. *Id.* at ECF No. 292. A stipulated motion to extend the Consent Entry was denied on May 18, 2010. *Id.* at ECF No. 292 at PageID#: 4660.

(4:23-CV-931)

On January 24, 2024, the Court held a Case Management Conference ("CMC") with the parties and issued a Case Management Plan/Order (ECF No. 21). At the CMC, the Court discussed the motions that had been recently resolved, the proposed discovery plan, and the Court's concern that the Amended Complaint did not allege plausible causes of action. Minutes of proceedings, 01/24/2024. On February 9, 2024, Defendants filed the instant motion for judgment on the pleadings, targeted at dismissing the first Amended Complaint. ECF No. 22. Almost one month later, Plaintiff filed an "Amended Complaint." ECF No. 25. This "Amended Complaint" is Plaintiff's Second Amended Complaint. Plaintiff also filed a Notice informing the Court that he received a copy of Defendants' motion, on March 4, 2024, and stated that he needed additional time to respond to Defendants' motion. ECF No. 28. Defendants filed a Motion to strike Plaintiff's Second Amended Complaint (ECF No. 29), and Plaintiff filed an Objection to the motion (ECF No. 30). The Court construes Plaintiff's objection as his response to the motion. Defendants filed a reply to the motion to strike (ECF No. 33).

## II. Motion to Strike

Defendants argue that Plaintiff's Second Amended Complaint should be stricken because Plaintiff failed to comply with the requirements of Fed. R. Civ. P. 15(a) and the CMC Order. ECF No. 29 at PageID #: 220. Defendants also argue that allowing Plaintiff to file his Second Amended Complaint would be futile. ECF No. 29 at PageID #: 220. Plaintiff contends that he was following the directions included in the CMC Order. ECF No. 30 at PageID #: 229. He states "leave to amend was written into the CMC[] Order, as far as Plaintiff construes." ECF No. 30 at PageID #: 230.

3

(4:23-CV-931)

The CMC Order set a cutoff of March 10, 2024 for parties to amend pleadings and add parties.  The CMC Order stated that the cutoff is "a time limitation -- *not* a blanket leave."  ECF No. 21 at ¶ 15 (emphasis added).  The Order directs parties to comply with Fed. R. Civ. P. 15(a) when amending a pleading or adding parties.  ECF No. 21 at ¶ 15.  Fed. R. Civ. P. 15(a)(2) states "a party may amend its pleading only with the opposing party's written consent or the court's leave."  The CMC Order explicitly states that "[a]bsent written consent of the adverse party, the party seeking to amend *must* at least alert the Court and the adverse party to the substance of the proposed amendment by *filing a Motion for Leave* with an accompanying memorandum of law addressing the requirements of Rule 15(a)."  ECF No. 21 at ¶ 15 (emphasis added).

Despite the Court's clear instructions to file a Motion for Leave in compliance with Federal Rule of Civil Procedure 15, Plaintiff ostensibly believed that he could file a Second Amended Complaint without leave.  He was mistaken and provides no legitimate justification for his belief.  Although Plaintiff is *pro se*, "the lenient treatment generally accorded *pro se* litigants has limits."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).  Plaintiff must comply with the Court's explicit order to file a Motion for Leave to Amend in accordance with Fed. R. Civ. P. 15.  Accordingly, the Court finds that Plaintiff's Second Amended Complaint fails to comport with the requirements of Fed. R. Civ. P. 15 and the Court's CMC Order.

Additionally, construing Plaintiff's Second Amended Complaint as appropriately filed, would be futile.  In other words, Plaintiff's Second Amended Complaint would fail to survive the pending dispositive motion.  See *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) ("A court need not grant leave to amend,

4

(4:23-CV-931)

however, where amendment would be 'futile.'"). As expounded on below, Plaintiff's First Amended Complaint fails to establish Plaintiff's standing or allege a plausible claim for relief. While his Second Amended Complaint names fewer Defendants, it does not state a claim for relief against those Defendants. Therefore, Plaintiff's Second Amended Complaint could not survive a motion to dismiss.

Therefore, Plaintiff's Second Amended Complaint (ECF No. 25) is stricken. Plaintiff's first Amended Complaint remains the operative complaint.

### III. Motion for Judgment on the Pleadings

In their instant motion for judgment on the pleadings, Defendants argue that (1) neither Mahoning County or MCJC are *sui juris*; (2) Plaintiff does not have standing to assert his claims; and (3) Plaintiff's 42 U.S.C. § 1983 claims fail to state a claim. ECF No. 22 at PageID #: 166.

As indicated above, Plaintiff filed a Notice (ECF No. 28) stating that he received the motion for judgment on pleadings on March 4, 2024, leaving him with less than one week to respond to the motion.[6] Plaintiff, however, does not ask the Court for additional time or indicate how much time he might need to respond to Defendant's motion. Additionally, more than one month has passed, and Plaintiff has responded to Defendants' Motion to Strike and discovery requests since filing the notice. Yet, he has not filed a supplement to his notice of objection or asked to supplement his objection. Accordingly, because the motion for judgment on the pleadings is ripe, the Court addresses it now.

---

[6] Plaintiff also claims that Defendants sent the motion to his previous address. This claim is inconsistent with the record. Defendants' Certificate of Service and the envelope attached to Plaintiff's notice list FCI Loretto, Plaintiff's current address. ECF No. 28-2 at PageID #: 215; ECF No. 22 at PageID #: 175.

5

(4:23-CV-931)

### A. Standard of Review

The standard for deciding a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is indistinguishable from the standard for dismissals based on failure to state a claim under Fed. R. Civ. P. 12(b)(6). *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003); *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001) (citing *Mixon v. Ohio*, 193 F.3d 389, 399–400 (6th Cir. 1999)).  In deciding a motion for judgment on the pleadings under Rule 12(c), the Court must take all well-pleaded allegations in the Complaint as true and construe those allegations in a light most favorable to Plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.* at 679.  The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555 (citing authorities).

In other words, claims set forth in a complaint must be plausible, rather than conceivable.  *Id.* at 570.  "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]' -- 'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  The factual allegations in the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Twombly*, 550 U.S. at 555

6

(4:23-CV-931)

(quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235–36 (3d ed. 2004)). In addition to reviewing the claims set forth in the complaint, a court may also consider exhibits, public records, and items appearing in the record of the case as long as the items are referenced in the complaint and are central to the claims contained therein. Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008); Erie Cty., Ohio v. Morton Salt, Inc., 702 F.3d 860, 863 (6th Cir. 2012).

### B. Discussion

#### 1. Standing

A federal court may hear a case only if the plaintiff establishes (1) he has suffered an injury-in-fact; (2) a causal connection between the injury and defendant's alleged conduct; and (3) it is likely a favorable decision will redress the injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). A plaintiff alleges an injury-in-fact when he establishes that defendants have violated a legally protected, concrete, particularized, and actual or imminent interest. Id.

Plaintiff alleges several conditions within MCJC. But he fails to allege that he has been personally impacted by many of these conditions. By failing to do so, Plaintiff fails to allege an injury-in-fact.

Even if Plaintiff had alleged an injury-in-fact, he fails to allege that a favorable decision will redress his injuries. A favorable decision in this case could result in injunctive relief regarding the rules and regulations at MCJC, among other things. Plaintiff is no longer housed at MCJC. He has been sentenced and moved to a federal facility and cannot benefit from improved conditions at MCJC. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) (stating that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding

7

(4:23-CV-931)

injunctive relief . . . if unaccompanied by any continuing, present adverse effects.") (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)). Therefore, Plaintiff does not have standing to bring the instant action.

2. ***Sui Juris***

Plaintiff names Mahoning County and MCJC as Defendants. Defendants contend that Mahoning County and MCJC are not *sui juris*.[7] ECF No. 22 at PageID #: 170. An entity is *sui juris* if it is a separate legal entity under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F.App'x 426, 435 (6th Cir. 2014). Plaintiff alleges that Mahoning County has been "empowered by the laws of Ohio to operate the [] MCJC." ECF No. 11 at PageID #: 87. By Plaintiff's own description, MCJC is a subunit of Mahoning County. Because MCJC is not a legal entity apart from Mahoning County, it is not *sui juris*.

3. **Individual Capacity**

Plaintiff's Amended Complaint does not state whether he brings claims against the individual Defendants in their individual or official capacity. Plaintiff states only general responsibilities of Defendants individually named. He does not allege that they were personally involved in the violation of his rights. A plaintiff cannot establish the individual liability of any defendant absent a clear showing that the defendant was personally involved in the activities that form the basis of his claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). The Sixth Circuit has repeatedly held that a complaint must contain claims of personal involvement against each named defendant:

---

[7] *Sui juris* refers to an entity's ability to sue and be sued.

8

(4:23-CV-931)

> It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 Fed.Appx. 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 Fed.Appx. 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, 2000WL 1800569 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant).

*Kirkendall v. Conklin*, No. 1:18-CV-480, 2018 WL 2213452, at *2 (W.D. Mich. May 15, 2018). Without connecting Defendants to the specific actions at issue, Plaintiff cannot hold them liable in their individual capacities. Accordingly, Plaintiff fails to allege claims against Defendants Sheriff Jerry Greene, Commissioner Ditzler, Commissioner Traficanti, Commissioner Rimedio-Righetti, Sgt. McCullough, Sgt. Graham, and Sgt. Wallace in their individual capacities.

### 4. Official Capacity

Plaintiff also fails to state a claim against Defendants in their official capacities. An action against a state or municipal officer is the equivalent of an action against the public entity he or she serves. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). Defendants are all employees of the county. To the extent Plaintiff brings claims against Defendants in their official capacities, he asserts them against Mahoning County.

9

(4:23-CV-931)

Section 1983 does not permit a plaintiff to sue a local government entity on the theory of *respondeat superior*. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978). A plaintiff may only hold a local government entity liable under § 1983 for the entity's own wrongdoing. *Id.* A local government entity violates § 1983 when its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id.* A "municipal policy" includes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality's "lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell*, 436 U.S. at 690, 694. A "custom" for purposes of *Monell* liability must "be so permanent and well-settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691.

To demonstrate that the county's policies caused constitutional harm, a plaintiff must "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injur[ies] w[ere] incurred due to execution of that policy." *Brawner v. Scott Cty.*, 14 F.4th 585, 598 (6th Cir. 2021) (quoting *Morgan v. Fairfield County*, 903 F.3d 553, 566 (6th Cir. 2018) (internal quotations omitted)).

Moreover, violations of state regulations or correctional institute policies that are not also violations of federal constitutional rights are not actionable. *E.g., Davis v. Scherer*, 468 U.S. 183, 193 (1984) (violations of state regulations are not actionable under Section 1983); *Smith v. Erie Cty. Sheriff's Dep't*, 603 F. App'x 414, 421 (6th Cir. 2015) ("Failure to comply with jail policy is not a per se constitutional violation."); *Laney v. Farley*, 501 F.3d 577, 583 n.2 (6th Cir. 2007) (finding that a violation of the Wilson County Board of Education's policy granting students notice before suspension would not support a Section 1983 claim).

(4:23-CV-931)

Plaintiff includes only conclusory statements that "the [D]efendant's customs, polic[ies], and regulations are the driving force that cause the civil rights violations." ECF No. 11 at PageID #: 94. He does not allege what the customs, policies, or violations are. To the extent he argues that Defendants' purported violation of an Ohio regulation constitutes a constitutional violation under § 1983, *see* ECF No. 11 at PageID #: 96, he fails to state a claim. Moreover, even if Plaintiff had identified a county custom or policy, he fails to include any facts suggesting he has been harmed by the Justice Center's execution of the county's policies.

To the extent Plaintiff is attempting to invoke the Court's jurisdiction pursuant to the Consent Entry issued in the *Roberts* case, the Court is without jurisdiction as that consent agreement expired on May 17, 2010. Furthermore, the Consent Judgment Entry expressly limited any jurisdiction beyond May 17, 2010 to the plaintiffs' motion for contempt against the county for violations of the Consent Entry that occurred during the time the Consent Entry was in effect. *See Roberts*, Case No. 4:03cv2329 at ECF No. 292 at PageID#: 4660. The Consent Judgment Entry was not in effect in April 2022, the date of Plaintiff's incarceration and the time of the purported allegations. *See* ECF No. 11 at PageID#: 88.

### 5. Access to Law Library

Plaintiff alleges that "he has been denied the use of a legal library[, and] thus denied access to the courts." ECF No. 11 at PageID #: 88.

The Sixth Circuit requires that a prisoner show that a prison has caused "an actual injury" by restricting an incarcerated individual's access to the law library. *Colvin v. Schaublin*, 31 Fed. Appx. 170, 172 (6th Cir. 2002) (citing *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985)) (additional citations omitted). The Sixth Circuit has also stated that "it is true that 'restricted

11

(4:23-CV-931)

access to the law library is not *per se* denial of access to the courts.'" Id. (quoting Twyman v. Crisp, 584 F.2d 352, 357 (10th Cir. 1978)).

Plaintiff fails to allege an actual injury. Plaintiff was represented by counsel on his criminal charges, and he was able to file the instant action. His blanket allegation that he has been denied access to the courts is belied by the record. Accordingly, he fails to state a claim regarding limited access to a law library.

### 6. Conditions of Confinement

Furthermore, even if Plaintiff's claims can be construed to have resulted from the county's customs or policies, Plaintiff fails to state a claim on which relief may be granted. Because Plaintiff's Amended Complaint pertains to conditions experienced as a pretrial detainee, his constitutional protections originate from the Due Process Clause of the Fourteenth Amendment, which protects detainees from being "punished prior to an adjudication of guilt" rather than the Eighth Amendment, which applies to prisoners convicted of crimes. *See* Bell v. Wolfish, 441 U.S. 520, 535 (1979). Like claims under the Eighth Amendment, a pretrial detainee's claims under the Fourteenth Amendment require that he demonstrate both subjective and objective components. Helphenstine v. Lewis Cnty., 60 F.4th 305, 316–17 (6th Cir. 2023).

To satisfy the objective component, a pretrial detainee must demonstrate that he suffered a "sufficiently serious" condition or deprivation in the prison context. Id. at 317. In this regard, it is well-established that "the Constitution does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. 337, 349 (1981). Therefore, only allegations of "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" are sufficient to state a claim. McMillan, 503 U.S. at 8–9 (citations omitted).

12

(4:23-CV-931)

To satisfy the subjective component, a pretrial detainee must show that a defendant "not only acted deliberately (not accidentally), but also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" Brawner, 14 F.4th at 596 (6th Cir. 2021) (quoting Farmer v. Brennan, 511 U.S. 825, 836 (1994)); *see also* Helphenstine, 60 F.4th at 317.

Plaintiff's claims of poor confinement conditions fail to satisfy the objective showing of a sufficiently serious deprivation or condition. Plaintiff makes claims that Defendants have "denied min[i]mal civilized behavior of life[']s necessities" and showed "deliberate indifference" to detainees' health and safety. ECF No. 11 at PageID #: 92. His factual allegations fail to support these conclusory allegations.

Plaintiff complains of overcrowding, understaffing, lockdowns, and inadequate meals. Prison overcrowding, alone, does not violate the Constitution. Rhodes, 452 U.S. at 348; Agramonte v. Shartle, 491 F. App'x 557, 560 (6th Cir. 2012) ("Overcrowding is not, in and of itself, a constitutional violation"). Double-celling, or double bunking, by itself, also does not violate the Constitution. Bell, 441 U.S. at 541–43 (holding that double-bunking of pretrial detainees in cells originally designed for one person for two months does not violate the Constitution); Halliburton v. Sunquist, 59 F. App'x 781, 782 (6th Cir. 2003). A plaintiff bears the burden of showing that the crowded conditions and understaffing led to independent deprivations of essential food, medical care, sanitation, or other necessities. Rhodes, 452 U.S. at 348. Plaintiff fails to allege that overcrowding deprived him of basic human needs.

Plaintiff claims that detainees were subjected to crowded cells with inoperable toilets. ECF No. 11 at PageID #: 97. The Sixth Circuit has recognized on more than one occasion that

13

(4:23-CV-931)

the Constitution does not require flushable toilets in prison. *See, e.g.*, *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Rhodes*, 452 U.S. at 347) (a prisoner's claims alleging that he was deprived of a lower bunk, subjected to a flooded cell, and deprived of a working toilet amounted to "only temporary inconveniences and did not demonstrate that [his] conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency"); *Abdur-Reheem-X v. McGinnis*, No. 99-1075, 1999 WL 1045069, at *2 (6th Cir. Nov. 12, 1999) (table) (the "Eighth Amendment does not require that prisoners enjoy immediately available and flushable toilets"). Plaintiff has therefore failed to allege facts demonstrating that temporary placement as a detainee in a cell with a "non-working" toilet is an extreme deprivation of a basic necessity and a violation of the Constitution.

Plaintiff's claims that the meals lack fish and fruit, eliminating two of the major food groups from their food pyramid. ECF No. 11 at PageID #: 91. "Prisoners have a constitutional right to meals that meet their nutritional needs . . . [b]ut there is no constitutional right for each prisoner to be served the specific foods he desires[.]" *Robinson v. Jackson*, 615 Fed. App'x 310, 314 (6th Cir. 2015). Neither does the Constitution require that jail food be tasty or widely varied. *See Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977) . Plaintiff's claims that the meals lack fish and fruit does not demonstrate that the food failed to fulfill his nutritional needs. Therefore, Plaintiff fails to allege facts that might satisfy the objective component.

Even if Plaintiff could satisfy the objective component, he fails to sufficiently allege the subjective component. In other words, Plaintiff does not plausibly allege that Defendants acted with deliberate indifference in the face of an obvious, unjustifiably high risk of harm.

## V. Conclusion

14

(4:23-CV-931)

For the foregoing reasons, Defendants' Motion to Strike Plaintiff's Second Amended Complaint (ECF No. 29) and Motion for Judgment on the Pleadings (ECF No. 22) are granted. The action is dismissed as to all Defendants named in the Amended Complaint (ECF No. 11).

All upcoming case management dates are cancelled.

The Clerk of Court is directed to issue a copy of this Order by regular mail to Vincent Barber, #96658-509, FCI Loretto, Federal Correctional Institution, P.O. Box 1000, Cresson, PA 16630.

IT IS SO ORDERED.

| | |
|---|---|
| April 16, 2024 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |