PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VINCENT BARBER, ) | |
| ) | CASE NO. 4:23-CV-931 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| MAHONING COUNTY JUSTICE ) | |
| CENTER, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** |
| ) | [Resolving ECF No. 37] |

Pending before the Court is *pro se* Plaintiff Vincent Barber's Motion for Reconsideration (ECF No. 37). For the following reasons, Plaintiff's motion is denied.

### I.  Background[1]

Plaintiff, an inmate, previously a pretrial detainee at the Mahoning County Justice Center,[2] filed this civil rights action against Defendants Mahoning County, Mahoning County Justice Center ("MCJC"), Sergeants within MCJC, the Mahoning County Sheriff, and Mahoning County Commissioners. See ECF No. 11.

Defendants filed a motion for judgment on the pleadings arguing that: (1) Mahoning County and MCJC are not *sui juris*; (2) Plaintiff failed to demonstrate that he has standing to sue Defendants; and (3) Plaintiff failed to allege cognizable claims pursuant to 42 U.S.C. § 1983. ECF No. 22. Defendants also filed a motion to strike Plaintiff's Second Amended Complaint for

---

[1] The Court incorporates by reference the "Background" described in ECF No. 34, and adds only information pertinent to the instant motion.

[2] Plaintiff is now serving a federal sentence at FCI Loretto. BOP Inmate Locator, https://www.bop.gov/inmateloc (last visited September 5, 2024).

(4:23-CV-931)

failing to comply with Fed. R. Civ. P. 15(a) and the Court's CMC Plan and also argued that Plaintiff's Second Amended Complaint was futile. ECF No. 29. The Court granted both motions and dismissed Plaintiff's action. ECF No. 34.

Plaintiff filed the instant motion for reconsideration of the Court's Order granting Defendants' motion for judgment on the pleadings and motion to strike his Second Amended Complaint (ECF No. 37), and Defendant's filed a response (ECF No. 38).

## II. Standard

"Filing a motion to reconsider should not be a 'Pavlovian Response' to an adverse ruling." *Jefferson v. Security Pac. Fin. Services, Inc.*, 162 F.R.D. 123, 125 (N.D. Ill. 1995). Fed. R. Civ. P. 59(e) provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Generally, when a party files a "motion to reconsider" a final order or judgment within 28 days of its entry, the motion is to be construed as a motion to alter or amend judgment pursuant to Rule 59(e). *See, e.g.*, *Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002).

A motion to alter or amend judgment may be granted for any of the following three reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence or a change in controlling law; or (3) to otherwise prevent manifest injustice. *GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

## III. Discussion

Plaintiff argues that his motion for reconsideration should be granted because: (1) he endured mail delays so his Second Amended Complaint should be considered timely; (2) his Second Amended Complaint "does have a plausible claim for relief"; and (3) leaving the First Amended Complaint as the operative complaint "leaves Plaintiff at a serious disadvantage, as the issues addressed as futile are clearly answered." ECF No. 37. Defendants argue the motion

2

(4:23-CV-931)

should be denied because his motion "seeks to re-litigate matters already decided." ECF No. 38 at PageID #: 276.

### A. Ruling on Motion to Strike Second Amended Complaint

#### 1. "Timeliness"

Plaintiff insinuates that the Court failed to use the proper filing dates in determining whether his filings were timely, and requests that the Court "review all submissions based upon the dates noted on each Certificate of Service, rather than dates of receipt." ECF No. 37 at PageID #: 271.

As an initial matter, the Court used proper dates regarding his filings. The Court granted Defendants' motion to strike because Plaintiff's Second Amended Complaint (1) was not filed in accordance with the CMC Order, directing Plaintiff to obtain written consent of Defendants or filing a Motion for leave to file an Amended Complaint, *prior* to filing an Amended Complaint, and (2) would not survive a dispositive motion even if it had been filed appropriately. *See* ECF No. 34 at PageID #: 256.

Furthermore, Plaintiff does not demonstrate how any improper dates, if used by the Court, correct a clear error of law, account for newly discovered evidence or change in controlling law, or prevent manifest injustice. Therefore, this claim does not justify reconsideration.

#### 2. Plausible Claim for Relief

Because the Court does not find that Plaintiff is entitled to reconsideration of the ruling on the motion to strike, it need not address his claim that his Second Amended Complaint "arguably does have a plausible claim for relief." ECF No. 37 at PageID #: 272. The Court notes, however, that, in his motion for reconsideration, Plaintiff does not explain how or why the

3

(4:23-CV-931)

Court erred in determining that his second Amended Complaint was futile. Therefore, the Court denies Plaintiff's motion to reconsider Defendants' motion to strike.

### B. Motion for Judgment on the Pleadings

Plaintiff argues that he was at a disadvantage when the Court addressed the claims as pleaded in his First Amended Complaint. ECF No. 37 at PageID #: 272. Having determined that there is no basis to reconsider the Court's holding regarding the Motion to Strike, the Court must now determine if there were any basis to reconsider its Order regarding the Motion for judgment on the pleadings. Plaintiff concedes that his First Amended Complaint could not survive a motion for judgment on the pleadings. *Cf.* ECF No. 37 at PageID #: 272–73 (arguing that the Court's analysis of his First Amended Complaint leaves him at a disadvantage because he failed to establish standing in that document). Therefore, the Court determines that there is no basis on which to reconsider its finding on the motion for judgment on the pleadings.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration (ECF No. 37) is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The Clerk of Court is directed to issue a copy of this Order by regular mail to Vincent Barber, #96658-509, FCI Loretto, Federal Correctional Institution, P.O. Box 1000, Cresson, PA 16630.

IT IS SO ORDERED.

| September 5, 2024 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

4